Sci. fa. before Bay, J., in Beaufort district. The defendant pleaded nul tiel record, and the plaintiff at the trial produced in evidence an exemplification, or copy, duly certified, of a recovery, and a regular judgment, as stated in the sci. fa., of record in the clerk’s office of the Court of Common Pleas in Charleston district. The defendant objected to this evidence, and insisted that the sci. fa. ought to have issued from the court of the district in which the ori. ginal proceedings are of record; and that the original proceedings must be produced to warrant the renewal of judgment and execu. tion on scj. fa.
The objection was overruled, and the plaintiff had judgment.
The motion in this court was to reverse the judgment of the dis„ trict court.
Desaussttke, in support of the motion. A sci. fa. cannot issue out of a court of a different district from that wherein the original proceedings were had, and in which judgment was obtained. Sci. fa. is to revive and give effect to a former judgment. It is a con. *202 tinuation of the original suit. 1 D. and E. 388. It must pursue ^ie or*g‘nal action. Cro. J. 331. When the original judgment *s denied to exist by the plea, it ought to be produced. The judgment itself ought to be produced and inspected. A copy is not ad-m¡gs¡ye evi¿ence^
M’Call, E contra. By the act of assembly of 1721, P. L. 117, exemplifications or attested copies of all records, shall be deemed and allowed for as good evidence in our courts as the originals. The plaintiff might have brought an action of debt on the judgment, in which case no objection could have been raised against the evidence which was given in this case.
Curia advisare mlt. Geimke, and Waties, Justices, absent.
See Grimke v. Mayrant, below.